United States District Court
Southern District of Texas
**ENTERED**
August 15, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WALTER KEVIN GUY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:24-CV-00100 |
| | § | |
| CITY OF CORPUS CHRISTI, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Walter Kevin Guy, proceeding *pro se* and *in forma pauperis*, filed a complaint on April 29, 2024, seeking to raise civil rights claims under 42 U.S.C. § 1983. (D.E. 1). For the reasons set forth below, the undersigned respectfully **RECOMMENDS** Plaintiff's complaint be **DISMISSED with prejudice** under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

**I.      JURISDICTION**

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

**II.     PROCEDURAL BACKGROUND**

Plaintiff is a resident of Corpus Christi Texas who is proceeding *pro se* in this civil rights action. On April 29, 2024, he filed a hand-written, 69-page complaint that was

confusing, repetitive, non-sensical and difficult understand. A *Spears*[1] hearing was held on May 29, 2024, at which the undersigned allowed Plaintiff the opportunity to explain his claims. After the *Spears* hearing, the undersigned entered a written order identifying deficiencies in Plaintiff's complaint and giving Plaintiff the opportunity to file an amended complaint. (D.E. 8). The undersigned explained to Plaintiff his Complaint is subject to being dismissed for the following reasons:

1. Failure to state his claims clearly;
2. Failure to allege sufficient facts to indicate any defendant is liable or responsible to Plaintiff;
3. Citing inapplicable or irrelevant statutes and authorities;
4. Making conclusory allegations not supported by facts;
5. Failure to allege a plausible legal theory why any defendant is liable to him;
6. Naming defendants who are immune from prosecution; and
7. Some of his claims may be subject to dismissal because a favorable verdict in this civil action would undermine the legitimacy of Plaintiff's prior convictions and that Plaintiff must first have the prior convictions reversed, expunged, or otherwise declared invalid before being able to bring a related civil action. *Heck v. Humphrey*, 512 U.S. 477 (1994).

On June 27, 2024, the Court received Plaintiff's Amended Complaint. (D.E. 8). Plaintiff's Amended Complaint is again undecipherable and Plaintiff has done nothing to cure his pleading deficiencies. In the Amended Complaint, Plaintiff names the following defendants: (1) Employee Esteban #1423; (2) Medrano #763; (3) employee Mike Markle; (4) Police Chief J. Garza; and (5) Clsoich Castillo.[2] However, because Plaintiff testified

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). The evidentiary hearing is "in the nature of a motion for more definite statement." *Id.* The court ascertains at this procedural stage whether the complaint is adequate to permit the prisoner to litigate his claims pursuant to § 1915(d). *Id.* at 182.

[2] The Court's electronic docket sheet reflects additional defendants who were named in Plaintiff's Original Complaint. However, Plaintiff was cautioned that "his amended complaint will take the place of the original complaint and will become the only operative pleading in this case . . . (and that) [t]he Court will only consider claims raised in the Amended Complaint. Any defendant not specifically named in the Amended Complaint will be considered voluntarily

at an evidentiary hearing (D.E. 10), the undersigned has good understanding of Plaintiff's claims and the underlying facts.

### III. FACTUAL ALLEGATIONS

Plaintiff is an elderly black male who is a resident of Corpus Christi, Texas. In 2012 he was approached by Police Officers Esteban #1423 and Medrano #763 in the Hillcrest residential area of Corpus Christi. (D.E. 10, pages 7-10). The officers questioned Plaintiff about a parked vehicle, Plaintiff's driver's license and insurance. (D.E. 10). Plaintiff maintains there was no reason for the interaction as he was not violating any law. However, the officers arrested Plaintiff for driving without a license, not having automobile insurance, evading arrest and driving with a suspended license. (D.E. 10, page 14). Plaintiff also alleges the officers used excessive force when they arrested him. The evading arrest and driving with a suspended license charge were filed in a Nueces County court.. (D.E. 10, page 14). The other charges relating to Plaintiff not having automobile insurance or a driver's license were charged in a Corpus Christi municipal court. (D.E. 10, page 16). According to Plaintiff, the charges in the county court were dismissed because the judge believed the charges brought in both courts were essentially the same and the case should be resolved in municipal court. (D.E. 10, pages 15-17). Plaintiff was convicted in the municipal court of both charges involving not having automobile insurance and driving without a license. (D.E. 10, page 17). Plaintiff received a fine. However, Plaintiff never

---

dismissed by Plaintiff." (D.E. 8, p. 3). Therefore, the undersigned will not consider the defendants who are not specifically named in Plaintiff's Amended Complaint.

paid the fine because he felt the authorities were trying to "pick his pocket." (D.E. 10, page 19). Plaintiff did not appeal the municipal court convictions. (D.E. 10, page 18).

Over the years, Plaintiff's 2012 municipal court conviction and outstanding fines have caused Plaintiff to have persistent problems with law enforcement authorities. Plaintiff has been arrested numerous times on outstanding warrants and has been assigned community service to resolve the warrants. However, Plaintiff refuses to report for community service because he maintains he is disabled and is not able to perform any community service. (D.E. 10, pages 24-26). Plaintiff's failure to perform community service almost certainly results in the warrants being reactivated or reissued. Additionally, Plaintiff still does not have a Texas driver's license because he believes a Texas identification card is sufficient to operate a motor vehicle in Texas. (D.E. 10, page 21-23). Additionally, Plaintiff believes officers will arrest him whether he has a driver's license or not. (D.E. 10, page 22). Plaintiff operating motor vehicles without a Texas driver's license and having persistent outstanding warrants has resulted in continuous encounters with the police that usually results with Plaintiff being arrested. Plaintiff traces his current problems with the police to the 2012 arrest, which Plaintiff alleges was unlawful. (D.E. 10, page 24). Plaintiff seeks monetary compensatory and punitive damages.

## IV.   APPLICABLE LEGAL STANDARDS

Plaintiff is proceeding *in forma pauperis* ("IFP") and therefore, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B), which imposes a screening

responsibility on the district court when the plaintiff has been granted IFP status.³ That section provides for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is legally frivolous under § 1915 when it is based on an "indisputably meritless legal theory." *Id.* at 327. A court may dismiss a complaint as frivolous if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-34 (1992). A claim is factually frivolous if the facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995) (*quoting Denton v. Hernandez*, 504 U.S. 25, 33-34 (1992) (citations omitted).

A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculation level. *Bell Atlantic Corp. v. Twombly*, 500 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. Plaintiffs must state enough facts to "nudge their claims across the line from conceivable to plausible." *Id*. In considering whether to

---

³Section 1915(e)(2)(B) applies equally to prisoner as well as non-prisoner *in forma pauperis* cases. See *Newsome v. Equal Emp't Opportunity Comm'n,* 301 F.3d 227, 231–33 (5th Cir. 2002) (affirming dismissal of non-prisoner claims for frivolity and failure to state a claim under § 1915(e)(2)(B))

dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993) (citation omitted). Further, *pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys, and such pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice" to prevent dismissal for failure to state a claim. *Fernandez-Montez*, 987 F.2d at 284. The complaint must state more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Dismissal is appropriate "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Newsome*, 301 F.3d at 231.

**V.     ANALYSIS**

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct and the defendant's performance of official duties. *Townsend v. Moya,*

291 F.3d 859, 861 (5th Cir. 2002). Plaintiff claims this case arises out of his arrest on an unspecified date in 2012. (D.E. 10, page 8). Liberally construing Plaintiff's Complaint, he appears to raise a claim he was unlawfully arrested and was also subjected to excessive force in violation of the Fourth Amendment. *See Sorenson v. Ferrie*, 134 F.3d 325, 328 (5th Cir.1998) (A claim of false arrest implicates guarantees of the Fourth and Fourteenth Amendments and, therefore, is actionable under § 1983); *Graham v. Connor*, 490 U.S. 386, 395 (1989) (excessive force claims against non-prisoners are correctly brought under the Fourth Amendment).

In determining whether to retain or dismiss Plaintiff's claims, it is sometimes necessary to consider whether they are barred by the running of the applicable statute of limitations. In most cases, the undersigned leaves the issue of limitations to be raised by the party seeking to impose the bar. However, in some instances, a case is so long time barred that addressing the limitations issue on a frivolity review is appropriate. This is such an instance.

Federal civil rights actions instituted in Texas, such as those brought pursuant to § 1983, are deemed analogous to personal injury claims and, therefore, the applicable limitations period is the two years fixed by Tex. Civ. Prac. & Rem. Code § 16.003(a). *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Accrual of a § 1983 claim is governed by federal law. *Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002). A cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).

Dismissal is appropriate if it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). Excessive force claims generally accrue on the date when the force is inflicted. *See Price v. City of San Antonio*, 431 F.3d 890, 893-94 (5th Cir. 2005); *Armstrong v. Serpas*, 670 F. App'x 851, 852 (5th Cir. 2016). In a § 1983 claim arising from a false arrest or false imprisonment in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, the statute of limitations "begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007).

The facts giving rise to Plaintiff's claim occurred in 2012. Even not knowing the exact date of Plaintiff's arrest, it occurred twelve years prior to Plaintiff filing this action, well beyond the limitation period. Plaintiff's only explanation for waiting so long to file this action is that he wanted to get on with his life. (D.E. 10, page 19). Because Plaintiff's excessive force and false arrest claims accrued in 2012, they are time barred pursuant to the running of the applicable two-year statute of limitations and should be dismissed.

Further, Plaintiff's false arrest claims are subject to dismissal pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, the Supreme Court held:

in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make

> such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id*. at 477.

Plaintiff testified at the *Spears* hearing that he was convicted in municipal court for the charges arising from his 2012 arrest. He further testified he did not appeal those convictions and those convictions and unpaid fines have caused him persistent problems. Were Plaintiff to prevail in the instant action on his false arrest claim, the outcome in this case would undermine or be inconsistent with the underlying criminal convictions. Therefore, Plaintiff's unlawful arrest claim is subject to dismissal pursuant to the principles in *Heck*.

Additionally, even considering Plaintiff's *Spears* hearing testimony, Plaintiff has failed to allege sufficient facts to raise a plausible claim against any defendant for any claim. His allegations remain conclusory and unsupported by any clear factual allegation his rights were violated. Plaintiff identifies Officers Esteban and Medrano as the officers who arrested him in 2012. He also names Mike Markle, J. Garza, and Clsoich Castillo but simply does not allege any facts relating to these defendants. Plaintiff has testified at a *Spears* hearing, has been cautioned about the deficiencies of his pleadings and has filed an Amended Complaint after being warned of his pleading deficiencies. Finally, while the undersigned is sympathetic to the difficulties and expenses Plaintiff faces trying to resolve municipal court warrants and traffic citations, this federal action is not the appropriate forum to resolve those problems. All of Plaintiff's claims should be dismissed with

prejudice because his claims are clearly baseless and irrational and are wholly without merit.

## VI. OTHER CLAIMS

To ensure justice and access to the courts, courts interpret pleadings of *pro se* litigants liberally. *See United States v. Robinson*, 78 F.3d 172, 174 (5th Cir. 1996) (citing *United States v. Santora*, 711 F.2d 41, 42 (5th Cir. 1983)). *Pro se* actions will not be dismissed based on technical pleading defects and should be construed to ensure such claims are given fair and meaningful consideration despite the unrepresented litigant's unfamiliarity with the law. *See Haines,*, 404 U.S. at520-21; *See also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (*Pro se* parties are normally accorded more leniency in the construction of their pleadings).

The undersigned has attempted to articulate and analyze Plaintiff's claims in an impartial manner consistent with providing appropriate leniency to *pro se* litigants while at the same time requiring compliance with applicable pleading and screening standards. To the extent Plaintiff is attempting to raise a claim not specifically addressed by the undersigned in this Memorandum and Recommendation, Plaintiff has failed to state such claim with sufficient factual detail or clarity to allow the claim to be identified, understood, or analyzed by the Court.

As stated previously, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Again, Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a

reasonable inference that Defendant is liable. *Id.*; *Twombly*, 550 U.S. at 556. Further, the factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555.

Plaintiff is further advised that any claim not addressed in this Memorandum and Recommendation is not currently before this Court because Plaintiff has failed to allege sufficient facts or state such claims clearly.

## VII.   CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** Plaintiff's complaint be **DISMISSED with prejudice** under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

Respectfully submitted on August 14, 2024.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).